**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **DIGITAL VERIFICATION SYSTEMS, LLC,**<br><br>   Plaintiff,<br><br>  v.<br><br>**QUALIA LABS, INC.,**<br><br>   Defendant. | C.A. No. 1:23-cv-00351-RP<br><br>**JURY TRIAL DEMANDED** |

**QUALIA LABS, INC.'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Qualia Labs, Inc. ("Qualia"), files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Digital Verification Systems LLC's ("Plaintiff" or "Digital Verification") Complaint. Qualia denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## THE PARTIES

1. Qualia is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. Qualia is a Delaware corporation with an office located at 6501 W. William Cannon Dr., Austin, Texas 78735. Qualia admits that it licenses products in the state of Texas. Qualia denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Qualia denies any remaining allegations in Paragraph 2 of the Complaint.

---

[1] For avoidance of doubt, Qualia denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

## JURISDICTION AND VENUE

3. Qualia admits that this action is brought under Title 35 of the United States Code. Qualia admits that Plaintiff seeks costs and damages. Qualia denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Qualia denies any remaining allegations in Paragraph 3 of the Complaint.

4. Qualia agrees that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a). Qualia denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Qualia denies any remaining allegations in Paragraph 4 of the Complaint.

5. Qualia denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Qualia agrees that this Court has personal jurisdiction over Qualia. Qualia denies any remaining allegations in Paragraph 5 of the Complaint.

6. Qualia agrees that its products or services are available in this judicial district. Qualia denies any remaining allegations in Paragraph 6 of the Complaint.

7. Qualia agrees that venue is proper in this District. Qualia denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Qualia denies any remaining allegations in Paragraph 7 of the Complaint.

## PATENTS-IN-SUIT

8. Qualia admits that the purported copy of U.S. Patent No. 9,054,860 ("'860 Patent" or "Asserted Patent") is attached as Exhibit A to the Complaint and that the face of the purported '860 Patent indicates that it issued on June 9, 2015. Qualia denies any remaining allegations in Paragraph 8 of the Complaint.

9. Qualia is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 9, and therefore denies them.

10. Qualia is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 10, and therefore denies them.

11. Qualia is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 11, and therefore denies them.

12. Qualia is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 12, and therefore denies them.

13. Qualia is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 13, and therefore denies them.

14. Qualia is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 14, and therefore denies them.

15. Qualia is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 15, and therefore denies them.

16. Qualia admits that Plaintiff alleges infringement of the '860 Patent. Qualia denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Qualia denies any remaining allegations in Paragraph 16 of the Complaint.

17. The '860 Patent speaks for itself, but Qualia denies any characterizations inconsistent therewith. Qualia denies any remaining allegations in Paragraph 17 of the Complaint.

18. The '860 Patent speaks for itself, but Qualia denies any characterizations inconsistent therewith. Qualia denies any remaining allegations in Paragraph 18 of the Complaint.

19. The '860 Patent speaks for itself, but Qualia denies any characterizations inconsistent therewith. Qualia denies any remaining allegations in Paragraph 19 of the Complaint.

20. The '860 Patent speaks for itself, but Qualia denies any characterizations inconsistent therewith. Qualia denies any remaining allegations in Paragraph 20 of the Complaint.

21. The '860 Patent speaks for itself, but Qualia denies any characterizations inconsistent therewith. Qualia denies any remaining allegations in Paragraph 21 of the Complaint.

22. The '860 Patent speaks for itself, but Qualia denies any characterizations inconsistent therewith. Qualia denies any remaining allegations in Paragraph 22 of the Complaint.

23. The '860 Patent speaks for itself, but Qualia denies any characterizations inconsistent therewith. Qualia denies any remaining allegations in Paragraph 23 of the Complaint.

24. The '860 Patent and prosecution history speaks for itself, but Qualia denies any characterizations inconsistent therewith. Qualia denies any remaining allegations in Paragraph 24 of the Complaint.

25. The '860 Patent and prosecution history speaks for itself, but Qualia denies any characterizations inconsistent therewith. Qualia denies any remaining allegations in Paragraph 25 of the Complaint.

26. The '860 Patent speaks and prosecution history for itself, but Qualia denies any characterizations inconsistent therewith. Qualia denies any remaining allegations in Paragraph 26 of the Complaint.

27. Qualia denies the allegations in Paragraph 27 of the Complaint.

28. Qualia is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 28, and therefore denies them.

## COUNT 1

### ([ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 9,054,860)

29. Qualia incorporates paragraphs 1 through 28 herein by reference.

30. Qualia admits that this cause of action is brought under patent laws of the United States and, in particular, 35 U.S.C. §§ 271, et seq.

31. Qualia denies the allegations in Paragraph 31 of the Complaint.

32. Qualia denies the allegations in Paragraph 32 of the Complaint.

33. Qualia denies the allegations in Paragraph 33 of the Complaint.

34. Qualia denies the allegations in Paragraph 34 of the Complaint.

35. Qualia denies the allegations in Paragraph 35 of the Complaint.

36. Qualia denies the allegations in Paragraph 36 of the Complaint.

37. Qualia denies the allegations in Paragraph 37 of the Complaint.

38. Qualia denies the allegations in Paragraph 38 of the Complaint.

39. Qualia denies the allegations in Paragraph 39 of the Complaint.

40. Qualia denies the allegations in Paragraph 40 of the Complaint.

41. Qualia denies the allegations in Paragraph 41 of the Complaint.

42. Qualia denies the allegations in Paragraph 42 of the Complaint.

43. Qualia denies the allegations in Paragraph 43 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, Qualia denies that Plaintiff is entitled to any judgment against Qualia and/or an order granting relief in any of the forms requested in parts 1–4.

## [PLAINTIFF'S] JURY DEMAND

Plaintiff's Jury Demand does not contain any allegations and therefore does not require a

response. To the extent a response is required, Qualia denies those allegations.

## AFFIRMATIVE DEFENSES

In addition to answering the Complaint, Qualia asserts the following affirmative defenses. Qualia reserves the right to amend this Answer to add additional affirmative defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE

Qualia has not infringed and does not infringe, under any theory of infringement, including literally or under the doctrine of equivalents, directly (whether individually or jointly), or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the '860 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '860 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '860 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that the actions of Qualia allegedly infringe the Asserted Patent, Qualia is not liable to Plaintiff for the acts alleged to have been performed before Qualia received actual notice that it was allegedly infringing the Asserted Patent.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Qualia indirectly infringes, either by contributory infringement or inducement of infringement, Qualia is not liable to Plaintiff for the acts alleged to have been performed before Qualia knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the claims of the '860 Patent do not claim patent eligible subject matter under 35 U.S.C. § 101.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim of direct infringement because, among other things, Plaintiff has not stated a plausible allegation that any method or system employed or process practiced by Qualia includes: (1) "at least one digital identification module structured to be associated with at least one entity"; (2) "a module generating assembly structured to receive at least one verification data element corresponding to the at least one entity and create said at least one digital identification module"; (3) "said at least one digital identification module being disposable within at least one electronic file"; (4) "said at least one digital identification module comprising at least one primary component structured to at least partially associate said digital identification module with said at least one entity, wherein;" and/or (5) "said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file," as required by at least Claim 1 of the '860 Patent.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that Qualia infringes under a theory of joint infringement, Qualia is not liable to Plaintiff. Qualia does not provide or perform each element of any claim of the Asserted Patent, and any actions of third parties accused by Plaintiff are not attributable to Qualia.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patent against Qualia is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the Asserted Patent and/or applications related thereto, from asserting any interpretations of any valid, enforceable claims of the Asserted Patent that would be broad enough to cover any activity of Qualia, either literally or by application of the doctrine of equivalents.

### TWELFTH AFFIRMATIVE DEFENSE

Should Qualia be found to infringe any valid, enforceable claim of the '860 Patent, such infringement was not willful**.**

### QUALIA'S COUNTERCLAIMS

For its counterclaims against Counterclaim Defendant Digital Verification Systems LLC ("Counterclaim Defendant" or "Digital Verification"), Counterclaim Plaintiff Qualia Labs, Inc. ("Qualia") alleges as follows:

### PARTIES

1.      Qualia is a corporation organized and existing under the laws of the State of Delaware corporation with a principal place of business at 50 Fremont Street, Suite 3600, San

Francisco, CA 94105.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Counterclaim Defendant, Counterclaim Defendant is a Texas Limited Liability Company with its principal place of business located at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

## JURISDICTION

3. Qualia incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Based solely on Counterclaim Defendant's filing of this action, Counterclaim Defendant has consented to the personal jurisdiction of this Court.

6. Based solely on Counterclaim Defendant's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I: DECLARATION REGARDING NON-INFRINGEMENT

7. Qualia incorporates by reference Paragraphs 1–6 above.

8. Based on the filing of this action and at least Defendant's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Qualia infringes U.S. Patent No. 9,054,860 (the "'860 Patent").

9. Qualia does not infringe at least Claim 1 of the '860 Patent because, *inter alia*, the accused system is not adapted to include: (1) "at least one digital identification module structured to be associated with at least one entity"; (2) "a module generating assembly structured to receive at least one verification data element corresponding to the at least one entity and create said at least

one digital identification module"; (3) "said at least one digital identification module being disposable within at least one electronic file"; (4) "said at least one digital identification module comprising at least one primary component structured to at least partially associate said digital identification module with said at least one entity, wherein;" and/or (5) "said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file," as required by at least Claim 1 of the '860 Patent.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Qualia requests a declaration by the Court that Qualia has not infringed and does not infringe any claim of the '860 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II: DECLARATION REGARDING INVALIDITY

11. Qualia incorporates by reference Paragraphs 1–10 above.

12. Based on the filing of this action and at least Defendant's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '860 Patent.

13. The claims of the '860 Patent are invalid for failure to comply with one or more of the requirements of the Unites States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 5,606,609, 6,757,826, and 6,948,069 and U.S. Patent Application Publication Nos. 2002/0026575, and 2003/0115151. Qualia reserves the right to assert additional prior art and/or other invalidity defenses against the '860 Patent in accordance with the Court's Local Patent Rules.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Qualia

requests a declaration by the Court that claims of the '860 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Qualia asks this Court to enter judgment in Qualia's favor and against Counterclaim Defendant by granting the following relief:

a) a declaration that Qualia does not infringe any valid claim of the '860 Patent that may be enforceable;

b) a declaration that the '860 Patent is invalid;

c) a declaration that Counterclaim Defendant take nothing by its Complaint;

d) judgment against Counterclaim Defendant and in favor of Qualia;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Qualia of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Qualia hereby demands trial by jury on all issues.

Dated: June 14, 2023               Respectfully submitted,

                                   FISH & RICHARDSON P.C.

                                   By: */s/ Neil J. McNabnay*
                                       Neil J. McNabnay
                                       mcnabnay@fr.com
                                       Texas Bar No. 24002583
                                       Ricardo J. Bonilla
                                       Texas Bar No. 24082704
                                       bonilla@fr.com
                                       Noel F. Chakkalakal
                                       Texas Bar No. 24053676
                                       chakkalakal@fr.com
                                       Rodeen Talebi
                                       Texas Bar No. 24103958
                                       talebi@fr.com
                                       Philip G. Brown
                                       pgbrown@fr.com
                                       Texas Bar No. 24132695

                                       1717 Main Street, Suite 5000
                                       Dallas, Texas 75201
                                       (214) 747-5070 (Telephone)
                                       (214) 747-2091 (Facsimile)

                                   **ATTORNEYS FOR DEFENDANT
                                   QUALIA LABS, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on June 14, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                       */s/ Neil J. McNabnay*
                                       Neil J. McNabnay